5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 H. Larry PENBERTHY, Petitioner,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 91-70764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 7, 1993.
 
 Petition for Review of a Decision of the Environmental Protection Agency; No. 06166 964.
 E.P.A.
 AFFIRMED.
 Before: WALLACE, Chief Judge, and WRIGHT and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Penberthy appeals from the Environmental Protection Agency's (EPA) denial of his petition for administrative review of EPA Region X's action denying his hazardous waste treatment permit application. We have jurisdiction to review the EPA's action pursuant to 42 U.S.C. Sec. 6976(b). We affirm.
 
 
 2
 We review whether the EPA's denial of the permit was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 706(2)(a); Rybacheck v. EPA, 904 F.2d 1276, 1284 (9th Cir.1990).
 
 
 3
 Penberthy's central argument is that the EPA gave him insufficient time to complete Part B of his permit application. Section 3005(a) of the Resource Conservation and Recovery Act (RCRA) directs the EPA to promulgate regulations setting forth permit requirements for owners and operators of hazardous waste treatment facilities. Pursuant to this authority, the EPA regulations require that an applicant be given at least 6 months to complete Part B of a permit application. 40 C.F.R. Secs. 270.1(b), 270.10(e)(4). The EPA may not issue a RCRA permit until it has a complete application. 40 C.F.R. Sec. 270.10(c). If an application for an existing facility is deficient, the EPA must issue a notice of deficiency and a date by which the applicant must correct the deficiency. 40 C.F.R. Sec. 124.3(c). If an applicant fails or refuses to correct deficiencies in the application, the permit may be denied. 40 C.F.R. Sec. 124.3(d).
 
 
 4
 In 1986, Penberthy submitted his Part A application, which allowed him to operate on interim status until his Part B permit was approved. In September 1989, the EPA informed Penberthy that his Part B application would be due in 6 months, in March 1990. This 6-month deadline was consistent with EPA regulations. Penberthy twice requested extensions of this deadline and was granted them. The final application was due in May 1990.
 
 
 5
 In compliance with EPA regulations, Penberthy was sent a notice of deficiency because his application was missing several necessary parts. The notice detailed the corrections that Penberthy would have to make. His revised application was similarly inadequate. Therefore, the EPA held a public hearing on its intent to deny Penberthy's permit, and issued an order denying the permit as well as terminating interim status. The EPA Administrator denied Penberthy's petition for review without prejudice to his ability to file another permit application. At all times, the EPA followed the proper procedures under its regulations. There was no abuse of discretion.
 
 
 6
 Penberthy argues that the Administrator's review of Region X's action was inadequate in several respects. There is no evidence in the record to support this contention. The Administrator was not required to accept or review Penberthy's "rebuttal" submission. Nor is there evidence that the rebuttal submission was disregarded. Further, there was no requirement that the Administrator personally sign the order denying review.
 
 
 7
 Penberthy also contests the regulations under which the EPA operates. He argues that the hazardous waste treatment permit process is overly burdensome. We lack jurisdiction to address this claim. A petition for review of action of the Administrator in promulgating any regulation under RCRA may be filed only with the United States Court of Appeals for the District of Columbia. 42 U.S.C. Sec. 6976(a)(1); Washington, Dep't of Ecology v. United States EPA, 752 F.2d 1465, 1468-69 (9th Cir.1985).
 
 
 8
 We also lack jurisdiction over Penberthy's claim that the EPA deprived him of his patent rights. The district courts and the United States Claims Court, not the Court of Appeals, have jurisdiction over suits against the United States for compensation for takings of property under the Fifth Amendment. 28 U.S.C. Sec. 1346.
 
 
 9
 Finally, Penberthy unpersuasively argues that the EPA's denial of his permit was contrary to legislative intent in enacting RCRA, because the denial of the permit reduces the availability of innovative hazardous waste treatment facilities. Congress set up the permit requirement to ensure that treatment facilities operate without harm to health and the environment. Congress specified minimum information to be required in permit applications, and directed that permits are not to be issued unless the application demonstrates that the facility meets performance standards. 42 U.S.C. Sec. 6925(a)-(b). The EPA's action was consistent with this intent.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4